**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4570**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

VICTOR PLOWDEN,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:11-cr-00399-WO-1)

Submitted:  January 15, 2013        Decided:  February 8, 2013

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Michael Francis Joseph, Assistant United States Attorney, Timothy Nicholas Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Plowden appeals the district court's judgment imposing a 162-month sentence following his guilty plea to obstruction of commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006). On appeal, counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the district court imposed a substantively unreasonable sentence. Plowden was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. We affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court committed no significant procedural error, such as improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors and the parties' sentencing arguments, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). If the sentence is free from significant procedural error, we also review the substantive reasonableness of the sentence. Id. The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A within-Guidelines sentence

is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

After a thorough review of the record, we discern no procedural error in the district court's sentence. Further, we conclude that neither Plowden nor the available record rebuts the presumption of reasonableness accorded his within-Guidelines sentence. See id.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Plowden, in writing, of the right to petition the Supreme Court of the United States for further review. If Plowden requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Plowden.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED